Edmond "Buddy" Miller  
(Bar No. 3116)  
1610 Montclair Avenue, Suite C  
Reno, NV 89509  
Telephone: (775) 828-9898  
Facsimile: (775) 828-9893  
Email: bmiller@buddymillerlaw.com  
*Counsel for Carson City*

E-Filed on: 08/20/2015

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

EMPIRE RANCH GOLF COURSE, LLC,

          Debtor.

Case No.: BK-N-15-50211-GWZ

Chapter: 11

**DECLARATION OF DAVID BRUKETTA IN SUPPORT OF CARSON CITY'S LIMITED OBJECTION REGARDING THE MOTION TO SELL ASSETS FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §363**

Hearing Date:    August 25, 2015  
Hearing Time:    2:00 p.m.  
Est. Time Req'd:  
Set by:               OST

     I, David Bruketta, hereby declare as follows:

     1.     I am the Utility Manager at Public Works Department for Carson City (the "City"), and I manage environmental matters for the City. I have been an employee with the City since 2012.

     2.     I am making this Declaration in support of the City's *Limited Objection Regarding The Motion To Sell Assets Free And Clear Of Liens Pursuant To 11 U.S.C. §363* (the "Objection"). Defined terms in the Objection shall have the same meanings in my Declaration unless otherwise stated.

     3.     I am familiar with the City's municipal utilities. These include the domestic or potable water system, the storm water system, the sewer system and the effluent water system, which I supervise, among other things. I am also familiar with the recorded agreements and maps

related to the effluent water system at the Empire Ranch Golf Course ("golf course"), 1875 Fairway Drive, Carson City, NV 89701, including easements and covenants. If called I would be able to testify to and verify same.

    4. Attached hereto are true and correct copies of the following Exhibits in support of the Objection:

    a. **Exhibit 1:** Agreement dated March 17, 1983 between Carson City, Nevada, a consolidated municipality, and Michael Darling ("1983 Effluent Service Agreement").

    b. **Exhibit 2:** Addendum to Agreement dated April 28, 1988 between Carson City, Nevada, a consolidated municipality, and Michael Darling and Muriel H. Darling.

    c. **Exhibit 3:** 1995 Addendum to 1983 Effluent Service Agreement between Carson City, a consolidated municipality of the State of Nevada and Stanton Park Development, Inc., a Nevada corporation ("Stanton").

    d. **Exhibit 4:** 1996 Addendum to 1983 Effluent Service Agreement between Carson City, a consolidated municipality of the State of Nevada and Stanton Park Development, Inc., a Nevada corporation.

    e. **Exhibit 5:** 1997 Addendum to 1983 Effluent Service Agreement between Carson City, a consolidated municipality of the State of Nevada and Stanton Park Development, Inc., a Nevada corporation.

    f. **Exhibit 6:** 2004 Addendum to 1983 Effluent Service Agreement between Carson City, a consolidated municipality of the State of Nevada and Empire Ranch Golf Course, LLC, a Nevada limited liability corporation.

    g. **Exhibit 7:** 2006 Addendum to 1983 Effluent Service Agreement between Empire Ranch Golf Course, LLC, a Nevada limited liability corporation and Carson City, a consolidated municipality. **Exhibits 1 through 7** will be referred to collectively as the "Effluent Service Agreement and Addendums."

    h. **Exhibit 8:** Preliminary Report ("Report") dated as of January 6, 2014 at 07:30 a.m. by Northern Nevada Title Company of property address located at 1875 Fair

Edmond "Buddy" Miller
1610 Montclair Avenue
Suite c
Reno, NV 89509

1  Way, Carson City, NV 89701. The Report lists the Effluent Service Agreement
2  and Addendums as exceptions to title in the Report. It also lists various easements,
3  some of which are dedicated to the City on certain parcel and survey maps. Copies
4  of some of the parcel and survey maps are attached to the end of the Report, and are
5  bates pages Marano 252-255.

      i. **Exhibit 9:** Nevada Division of Environmental Protection's Authorization to Discharge for Empire Ranch Golf Course, Permit NEV92015, effective August 19, 2011 and expiring August 18, 2016 ("NDEP Discharge Permit"). **Exhibit 9** is the permit held currently by Empire Ranch Golf Course, LLC.

      j. **Exhibit 10:** Effluent Management Plan for Empire Ranch, 27 Hole Championship Golf Course, dated December 1995, Revised: August 2005.

      k. **Exhibit 11:** Email dated August 11, 2015 from Mr. Edmond Buddy Miller, counsel for Carson City, to Mr. Kevin Darby, counsel for Empire Ranch Golf Course.

5. In the mid-1970's the Federal Environmental Protection Agency (the "EPA") ordered Carson City to stop discharging effluent into the Carson River. "Effluent," also known as reclaimed water, is sewage that has been processed and must be highly treated for discharge onto various land sites pursuant to the Nevada Department of Environmental Protection.

6. As a result of the EPA mandate, Carson City decided to convert the effluent disposal system to land application. Carson City also arranged for real property sites committed to taking the effluent. The Nevada State Prison agreed to take effluent for use at its farm.

7. In 1983, the City entered into the Effluent Service Agreement with the Darlings for use at the Darling Ranch. The Effluent Service Agreement was recorded in the office of the Carson City Recorder and by its terms the Agreement constituted a covenant that runs with the land. It was binding on the Darlings and their successors, assigns and all subsequent owners of all or part of the real property. See **Exhibit 1**, Section 15, page 4, bates page Marano 193. When the Darling Ranch was sold to Stanton for development as a golf course, the Effluent Service Agreement was significantly amended and modified by the 1995 Addendum to the Effluent

Edmond "Buddy" Miller
1610 Montclair Avenue
Suite c
Reno, NV 89509

Service Agreement to accommodate the change in use from a ranch to a golf course.  In 1998, Stanton transferred the golf course to Empire Ranch Golf Course, LLC.

8. Per the 1995 Addendum to the Effluent Service Agreement, Stanton was obligated, at its sole expense, to do the design, construction and maintenance of any facilities, structures or systems necessary for the use of the reclaimed water at the golf course.  See **Exhibit 3,** Section 5., page 5, bates page Marano 210.  In addition, the 1995 Addendum to the Effluent Service Agreement required Stanton to dedicate to the City, at no cost to the City, any (1) easements or rights of way over or upon the golf course that Stanton owned and were necessary to provide services to the golf course, and (2) the structures or improvements constructed by Stanton and located in the City-owned right-of-way or easement.  Stanton made the dedications, and those items remain property of the City.

9. Currently, Empire Ranch Golf Course, LLC, has the contractual rights to receive a minimum of 790 acre-feet of effluent water per year under the Effluent Service Agreement and the Addendums.  Carson City has agreed, upon request, to deliver up to 1385 acre-feet to Empire Ranch Golf Course, LLC, subject to availability.

10. Empire Ranch Golf Course, LLC's right to receive effluent is second in priority to the Nevada State Prison Farm.  Other users acquired lower priority rights to receive effluent.

11. Carson City has codified the priority and policy regarding effluent disposal in Carson City Municipal Code Section 12.10.220.  The current priority and allotments are as follows:

| | |
|---|---|
| 1.  State of Nevada State Prison Farm | 1,000 acre feet |
| 2.  Darling Ranch (Empire Ranch Golf Course) | 1,385 acre feet |
| 3.  Eagle Valley Golf Course (municipal) | 1,000 acre feet |
| 4.  Silver Oak Golf Course | 500 acre feet |

12. As of a few years ago, Carson City was processing approximately 6,500 acre feet of effluent through their plant. Currently, however, the City is only processing 4,500 acre feet.

13. In basic terms, the reclaimed water functions as an extension of the sewer system. Reclaimed water is used to irrigate the turf at the golf course. The vegetation is monitored to insure a sufficient uptake of nutrients from the reclaimed water. The grass is harvested and disposed of. There are systems at the golf course for recirculation of the reclaimed water and monitoring to insure that the reclaimed water does not migrate to the Carson River or groundwater.

14. It is necessary for the owner of the golf course to hold the NDEP Discharge Permit from the Nevada Division of Environmental Protection ("NDEP") in order for the owner to irrigate the golf course with reclaimed water under the Effluent Water Service Agreement. See Clean Water Act, as amended, 33 U.S.C. §§ 1251 et. seq., and Nevada Water Pollution Control Law, NRS 445A.300 to NRS 445A.730. The NDEP Discharge Permit also requires the owner to engage a Nevada Registered Professional Engineer to prepare a final Effluent Management Plan within 30 days of the permit issuance. See **Exhibit 9**, Section I.B.17., page 5. The NDEP Discharge Permit is transferable but must be approved by NDEP. See **Exhibit 9**, Section II.B.2, page 9.

15. The NDEP Discharge Permit requires, among other things, frequent monitoring, including groundwater wells. See **Exhibit 9**, Sections I.B.2 and I.A.3, pages 2-3. Of note, the irrigation system for the golf course is not engineered for potable water. See **Exhibit 10**, Section 4.2, page 15, bates page Marano 161.

16. On or about August 7, 2015, I was informed that Empire Ranch Golf Course, LLC, was selling the golf course and contractual rights to the reclaimed water.

17. On or about August 10, 2015, I spoke with the Branch Supervisor at the Bureau of Water Pollution Control, for NDEP, Mr. Cliff Lawson, P.E. I explained to him that Empire Ranch Golf Course, LLC, was selling the golf course. Close of escrow was scheduled for August 31, 2015. The prospective buyer, Carson Creek Resort, Inc., did not have the NDEP Discharge Permit. Because, in my experience, the permit transfer process can take 60-90 days, the new owner would not be authorized to irrigate with reclaimed water in the interim without the NDEP Discharge Permit. If the new owner could not irrigate during in the month of September following

1. close of escrow, the turf would likely die, which would be bad for golfing and for the uptake of nutrients in the vegetation from the reclaimed water.

18. Mr. Lawson agreed it would not be in anyone's best interest to just stop watering the golf course. Mr. Lawson said he would work with the new owner and transfer the NDEP Discharge Permit. Mr. Lawson said he only needs a letter from the new owner on its letterhead requesting the change and stating it would comply with all the terms of the NDEP Discharge Permit. Mr. Lawson would administratively make the change and have it done promptly. Mr. Lawson said the new owner would be allowed to continue to water the golf course while this administrative process took place.

19. The outside counsel for Carson City, Edmond "Buddy" Miller, forwarded to the attorney for Empire Ranch Golf Course, LLC the information that I received from Mr. Lawson. See **Exhibit 11**, attached hereto.

20. To date, I have not received any inquires or other communications from Carson Creek Resort, Inc.

21. Further the undersigned sayeth not.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 20 day of August, 2015.

_____
David Bruketta