_____
Honorable Gregg W. Zive
United States Bankruptcy Judge

Entered on Docket
October 16, 2015

KEVIN A. DARBY, NVSB# 7670
TRICIA M. DARBY, NVSB# 7956
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada  89519
Telephone: 775.322.1237
Facsimile:  775.996.7290
kevin@darbylawpractice.com
Counsel for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>EMPIRE RANCH GOLF COURSE, LLC,<br><br>Debtor. | CASE NO.:   BK-N-15-50211-gwz<br>Chapter 11<br><br>**ORDER: (1) AUTHORIZING POST-PETITION FINANCING; (2) GRANTING POST-PETITION LENDER SENIOR LIEN PURSUANT TO 11 U.S.C. §364(d); AND (3) AUTHORIZING USE OF LOAN PROCEEDS TO PAY OFF EXISTING FIRST PRIORITY LIEN CLAIM PURSUANT TO 11 U.S.C. §363(b) AND THE DEBTOR-IN-POSSESSION LOAN AND SECURITY AGREEMENT**<br><br>Hearing Date:  October 15, 2015<br>Hearing Time:  4:00 p.m. |

Upon Debtor and Debtor in Possession, EMPIRE RANCH GOLF COURSE, LLC's (the "Debtor") motion for the entry of an order: (1) authorizing Debtor to obtain $1,300,000 in post-petition financing (the "DIP Loan") pursuant to 11 U.S.C. §364 of the Bankruptcy Code by entering into that certain Debtor-in-Possession Loan and Security Agreement (the "DIP

Agreement") by and among the Debtor and Patricia Thompson (the "Post-Petition Lender"), a copy of which is attached hereto as *Exhibit 1*; (2) granting certain senior liens to the Post-Petition Lender pursuant to 11 U.S.C. §364(d)(1); and (3) authorizing the Debtor to use the loan proceeds to pay off the existing first priority deed of trust claim held by GSR Investments, LLC ("GSR") pursuant to 11 U.S.C. § 363(b) (together the "Motion"); and good cause appearing,

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Debtor is authorized to obtain post-petition financing pursuant to §364(d) of the Bankruptcy Code by entering into the DIP Agreement. The material provisions of the approved DIP Loan are as follows:

    a. **Borrower:** Empire Ranch Golf Course, LLC.

    b. **Lender:** Patricia Thompson (defined above as the Pre-Petition Lender).

    c. **Commitment:** $1,300,000 (currently held in Debtor's Counsel's IOLTA Trust Account).

    d. **Loan Fees and Costs:** $0.00.

    e. **Repayment Terms & Due Date:** Outstanding loan balance shall be due and payable upon the earlier of: (1) any sale of Debtor's real property; or (2) October 1, 2018; no interim monthly payments.

    f. **Purpose:** The proceeds of the DIP Loan will be used to pay off the existing first priority lien claim of GSR, which will be in the amount of **$1,228,268.84** as of October 15, 2015. Balance of funds, $71,731.16 to be used by Debtor to fund ongoing business operations.

    g. **Priority and Liens:** All amounts owed by the Debtor under the DIP Agreement will be collateralized by a perfected first-priority senior priming lien against Debtor's real property and certain personal property pursuant to Section 364(d)(1) of the Bankruptcy Code, as follows:

(1) **Debtor's Real Property:** 1875 Fair Way Drive, Carson City, Nevada. Debtor's real property consists of approximately 221-acres of real property, also known as Carson City Assessor's Parcel Number 010-581-15 ("Debtor's Real Property").

**(2) Effluent Service Agreement and Addenda:** Debtor's Real Property is subject to certain covenants that run with the land, and easements and right of ways in favor of

Carson City, which allow Carson City to supply and the Debtor to accept and apply effluent (reclaimed waste water) to Debtor's Real Property. In this regard the rights and obligations of the Debtor and Carson City are addressed in the following:

    i.  Agreement dated March 17, 1983 and recorded on March 17, 1983, in Book 337, page 111, as Document No. 17118, Official Records of Carson City, Nevada; and

    ii. Addendum dated April 28, 1988 and recorded April 29, 1988, as Document No. 69901, Official Records of Carson City, Nevada; and

    iii.  Addendum dated September 20, 1995 and recorded June 22, 2004, as Document No. 320670, Official Records of Carson City, Nevada; and

    iv. Addendum dated August 16, 1996 and recorded August 16, 1996, as Document No. 192825, Official Records of Carson City, Nevada; and

    v.  Addendum dated September 22, 1997 and recorded June 22, 2004, as Document No. 320670, Official Records of Carson City, Nevada; and

    vi. Addendum dated June 4, 2004 (the "2004 Addendum") and recorded June 22, 2004, as Document No. 320670, Official Records of Carson City, Nevada; and

    vii. Addendum dated May 18, 2006 and recorded on May 19, 2006, as Document No. 353941, Official Records of Carson City, Nevada.

The Agreement and Addenda identified above shall collectively be referred to as the "Effluent Service Agreement". Pursuant to the Effluent Service Agreement, Carson City agrees to supply and the owner of Debtor's Real Property agrees to accept not less than 790 acre-feet of reclaimed waste water per year, subject to the limitations set forth in the Effluent Service Agreement, the 2004 Addendum, and Paragraph A.2. therein. At the request of said owner, Carson City agrees to supply additional reclaimed waste water in an amount up to 1,385 acre-feet per year subject to the availability of such reclaimed waste water and Carson City's contractual obligations, which are of a higher priority, as more fully set forth in the Effluent Service Agreement and the 2004 Addendum.

    h. **Interest:** Interest on the Loans and other DIP Obligations shall accrue at a fixed rate of four and one-half percent (4.5%) per annum.

    i. **Waiver of Applicable Non-Bankruptcy Law Relating to Perfection:** This Court's order granting this Motion shall be deemed to be sufficient and conclusive evidence of the

priority, perfection, and validity of the post-petition liens and security interests granted therein, effective as of the Petition Date, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording, or possession of the subject collateral, or other act to validate or perfect such security interest or lien.

IT IS FURTHER ORDERED that Post-Petition Lender is hereby granted a senior lien against Debtor's real property to secure the DIP Loan obligations pursuant to 11 U.S.C. §364(d)(1), based on this Court's finding that the Post-Petition Lender and the DIP Loan qualify for such treatment under 11 U.S.C. §364(d)(1).

IT IS FURTHER ORDERED that Debtor is authorized to use loan proceeds pursuant to 11 U.S.C. §363(b) to pay off GSR Investments, LLC's existing first priority deed of trust claim, which will be in the amount of $1,228,268.84 as of October 15, 2015.

IT IS FURTHER ORDERED that nothing in this Order shall be construed to alter or impact the rights of Carson City to pursue any and all remedies available under Chapter 361 of the Nevada Revised Statutes for any ad valorem taxes on the Debtor's real or personal property that become delinquent under Chapter 361 of the Nevada Revised Statutes after the date of entry of this Order. In the event any ad valorem taxes on the Debtor's real or personal property become delinquent after the date of entry of this Order, Carson City shall have the right to perfect a senior first priority tax lien with priority over Post-Petition Lender's senior lien under § 364(d)(1), and Carson City may seek from the Court relief from the automatic stay of § 362(a) to enforce such tax liens.

IT IS FINALLY ORDERED that Counsel for the Debtor shall serve a copy of this Order on Post-Petition Lender within one (1) day after entry of this Order, and, in addition, record a certified copy of this Order in the Office of the Carson City Recorder within three (3) days after entry of this Order.

**IT IS SO ORDERED.**

///

///

///

-4-

| | |
|---|---|
| SUBMITTED BY: | APPROVED BY: |
| _/s/ Kevin A. Darby_ <br> KEVIN A. DARBY, ESQ. <br> Counsel for Debtor | _/s/ Edmond "Buddy" Miller_ <br> EDMOND "BUDDY" MILLER, ESQ. <br> Counsel for Carson City' |

APPROVED/DISAPPROVED BY:

_/s/ Norm Azevedo_
NORM AZEVEDO, ESQ.
Counsel for GSR Investments, LLC

In accordance with LR 9021, counsel submitting this document certifies as follows:

_____ The Court has waived the requirement of approval under LR 9021.

\_\_\_X\_\_\_ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated on said order.

_____ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

_____ No party appeared at the hearing or filed an objection to the motion.

                                     DARBY LAW PRACTICE, LTD.

                                     By: \_\_\_\__/s/ Kevin A. Darby_____
                                          KEVIN A. DARBY, ESQ.
                                          Attorney for Debtor and
                                          Debtor in Possession

1
2                                    **EXHIBIT 1**
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                   **EXHIBIT 1**

## **DEBTOR-IN-POSSESSION LOAN AND SECURITY AGREEMENT**

This *Debtor-in-Possession Loan and Security Agreement* (the "Agreement") dated and effective October 15, 2015, is entered into by and between **Empire Ranch Golf Course, LLC,** ("Borrower"), and **Patricia Thompson**, as lender ("Lender").

### RECITALS

WHEREAS, on February 20, 2015, Borrower filed a voluntary petition for relief under Chapter 11 the United States Bankruptcy Code ("Bankruptcy Code"), commencing Case No. 15-50221-gwz in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court");

WHEREAS, Borrower continues to operate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code;

WHEREAS, Lender has offered to lend Borrower $1,300,000.00 pursuant to Section 364(d)(l) of the Bankruptcy Code for such purposes as described in this Agreement;

WHEREAS, to provide security for the $1,300,000.00 loan, Borrower has agreed to grant Lender, on the terms and conditions set forth herein and in accordance with Section 364(d) of the Bankruptcy Code, a senior security interest in and senior liens against all of Borrower's real property and certain personal property ("Borrower's Real And Certain Personal Property"), as follows:

(1) **Borrower's Real Property**: 1875 Fair Way Drive, Carson City, Nevada. Borrower's real property consists of approximately 221-acres of real property, also known as Carson City Assessor's Parcel Number 010-581-15 ("Borrower's Real Property").

(2) **Effluent Service Agreement and Addenda**: Borrower's Real Property is subject to certain covenants that run with the land, and easements and right of ways in favor of Carson City, which allow Carson City to supply and the Borrower to accept and apply effluent (reclaimed waste water) to Borrower's Real Property. In this regard the rights and obligations of the Borrower and Carson City are addressed in the following:

i. Agreement dated March 17, 1983 and recorded on March 17, 1983, in Book 337, page 111, as Document No. 17118, Official Records of Carson City, Nevada; and

ii. Addendum dated April 28, 1988 and recorded April 29, 1988, as Document No. 69901, Official Records of Carson City, Nevada; and

    iii. Addendum dated September 20, 1995 and recorded June 22, 2004, as Document No. 320670, Official Records of Carson City, Nevada; and

    iv. Addendum dated August 16, 1996 and recorded August 16, 1996, as Document No. 192825, Official Records of Carson City, Nevada; and

    v. Addendum dated September 22, 1997 and recorded June 22, 2004, as Document No. 320670, Official Records of Carson City, Nevada; and

    vi. Addendum dated June 4, 2004 (the "2004 Addendum") and recorded June 22, 2004, as Document No. 320670, Official Records of Carson City, Nevada; and

    vii. Addendum dated May 18, 2006 and recorded on May 19, 2006, as Document No. 353941, Official Records of Carson City, Nevada.

The Agreement and Addenda identified above shall collectively be referred to as the "Effluent Service Agreement". Pursuant to the Effluent Service Agreement, Carson City agrees to supply and the owner of Borrower's Real Property agrees to accept not less than 790 acre-feet of reclaimed waste water per year, subject to the limitations set forth in the Effluent Service Agreement, the 2004 Addendum, and Paragraph A.2. therein. At the request of said owner, Carson City agrees to supply additional reclaimed waste water in an amount up to 1,385 acre-feet per year subject to the availability of such reclaimed waste water and Carson City's contractual obligations, which are of a higher priority, as more fully set forth in the Effluent Service Agreement and the 2004 Addendum.

    WHEREAS, Borrower will file with the Bankruptcy Court a motion seeking approval of this Agreement and all corresponding terms and provisions (the "DIP Motion"); and

    WHEREAS, Lender is willing to provide such a $1,300,000 loan to Borrower, subject to the terms and conditions of this Agreement and subject to the terms and conditions set forth in the Bankruptcy Court order approving this Agreement.

    NOW, THEREFORE, in consideration of the mutual conditions and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows.

### I.     LOAN

    1.1 <u>Loan Amount.</u> Lender shall lend a total of one million three-hundred thousand dollars (**$1,300,000.00**) to Borrower (the "Loan") subject to the terms of this Agreement. The Loan shall be delivered to Borrower, care of Darby Law Practice, Ltd., Borrower's bankruptcy court approved legal counsel, on or before September 22, 2015.

Borrower's legal counsel shall hold the Loan proceeds in its Wells Fargo IOLTA legal trust account pending an order of the Bankruptcy Court approving this Agreement.

1.2  Early Termination of Agreement.  In the event Borrower completes and closes on the sale of its assets to Carson Creek Resort, LLC on or before September 21, 2015, this Agreement shall be terminated and the Loan Proceeds shall be promptly returned to Lender.

1.3  Use of Proceeds. Borrower shall use Loan proceeds Loan to first pay off the existing first priority lien claim of GSR Investments, LLC. All remaining Loan proceeds may be used by the Borrower to operate its business in the sole discretion of its management.

1.4  Interest. Interest shall accrue on the outstanding principal balance of the Loan at the rate of four and one half percent (**4.5%**) per annum. All interest accrued on the outstanding principal balance of the Loans shall be calculated on the basis of a year of three hundred sixty five (365) days and the actual number of days elapsed in each month.

1.5  Priority of Loan. The Loan shall be entitled to priority under Sections 364 (d)(1), as set forth herein, of the Bankruptcy Code.

1.6  Repayment of Loan.  The outstanding balance of the Loan, including principal and accrued interest, shall be due and payable in full upon the earlier of: (1) any sale or transfer of Borrower's Real And Certain Personal Property; or (2) October 1, 2018.  Borrower shall not be required to make any other payment to Lender on the Loan.

## II.   GRANT OF SECURITY INTEREST

2.1  Grant of Security Interest. To secure the payment of the Loan and performance under this Agreement, Borrower grants and hereby assigns, mortgages, hypothecates, and pledges, to Lender, and grants to Lender a continuing security interest in, and lien upon, Borrower's Real And Certain Personal Property.  The Liens granted pursuant to the terms of this Agreement secure the payment of all principal and interest, and shall constitute pursuant to Section 364(d)(I) of the Bankruptcy Code, a first-priority, senior priming lien on all of Borrower's Real And Certain Personal Property.

## III.   CONDITIONS PRECEDENT

3.1  Bankruptcy Court Approval.  Notwithstanding any other provision of this Agreement, it is understood and agreed that the Loan, and any obligation of Lender to make the Loan, is subject to and conditioned on approval of this Agreement by the Bankruptcy Court.  Borrower's legal counsel shall hold the Loan proceeds in its Wells Fargo IOLTA legal trust account pending an order of the Bankruptcy Court approving this Agreement or termination of this Agreement as provided in Section 2.1, above.  If

this Agreement is not approved by the Bankruptcy Court, or if the Agreement is terminated under Section 2.1, Borrower's legal counsel shall promptly return the Loan proceeds to Lender.

## IV.    OTHER LOAN TERMS

4.1  Maintenance of Assets.  Borrower shall maintain Borrower's Real And Certain Personal Property in good repair, working order and condition and shall make all necessary repairs to such property so that the value and the operating efficiency of such property will be preserved.

4.2  Insurance.  Borrower shall continuously maintain all existing property insurance covering Borrower's Real And Certain Personal Property, and liability insurance.

4.3  Governing Law.  The provisions of this Agreement shall be governed by and construed in accordance with the laws of the State of Nevada, without reference to applicable conflict of law principals.

4.4  Venue.  Borrower and Lender irrevocably consent and stipulate to the exclusive jurisdiction of the Bankruptcy Court with regard to all matters related to this Agreement, and to the nonexclusive jurisdiction of the state courts of Nevada and to the nonexclusive jurisdiction of the United States District Court for the District of Nevada if the Bankruptcy Case is dismissed or relief from the Automatic Stay is obtained for the purpose of any suit, action, or other proceeding arising out of or based upon this Agreement or any of the Loan Documents.

4.5  Binding Effect; Severability.  This Agreement shall not be deemed to create any right in any party except as provided herein and shall inure to the benefit of, and be binding upon, the successors and assigns of Borrower and Lender. All of Borrower's obligations under this Agreement are absolute and unconditional and shall not be subject to any offset or deduction whatsoever. The provisions of this Agreement are intended to be severable. If any provision of this Agreement is held invalid or unenforceable in whole or in part, such provision will be ineffective to the extent of such invalidity or unenforceability without in any manner effecting the validity or enforceability of the remaining provisions of this Agreement.

4.6  Counterparts.  This Agreement may be executed in any number of counterparts, and by Lender and Borrower in separate counterparts, each of which shall be an original, but all of which shall taken together constitute one and the same agreement. The parties hereby acknowledge and agree that facsimile signatures of this Agreement shall have the same force and effect as original signatures.

4.7  Captions.  The captions contained in this Agreement are for convenience of reference only, are without substantive meaning, and should not be construed to modify, enlarge, or restrict any provision.

4.8 <u>Bankruptcy Court Order Controls.</u> This Agreement is subject to the terms and provisions contained in the Bankruptcy Court order approving this Agreement to the same extent and effect as if such order were fully set forth herein and therein; and in the event that any term or provision of this Agreement conflicts or is inconsistent with any term or provision of the Bankruptcy Court order, the term and provision of the applicable order shall control and be given effect.

The undersigned, pursuant to due authority, have caused this Agreement to be executed as of the date set forth above.

**LENDER:**

*/s/ Patricia Thompson*
PATRICIA THOMPSON

**BORROWER:**

EMPIRE RANCH GOLF COURSE, LLC

By: /s/ Dwight C. Millard
DWIGHT C. MILLARD, Manager